No. 15-16721

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 0 8 2015

FILED_____
DOCKETED_____
DATE         INITIAL

UNITED STATES COURT OF APPEALS
NINTH CIRCUIT

James Witt )
)
    Appellant, )
vs. )
) D.C. No: 1:15-cv-00418-LJO-SAB
UNITED STATES OF AMERICA" aka )
"Evan Moses, Bobbie Montoya", )
    Appellees. )
)
_____ )

APPEAL FROM A FINAL RULING ON A
MOTION TO DISMISS PURSUANT TO FRCP SECTION 12 (b)(6)

APPELLANT'S OPENING BRIEF

James Witt
1343 N. 10th Ave
Hanford, California 93230
(559) 589-9377
Sui Juris

-1-

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 08 2015

FILED_____
DOCKETED_____
DATE    INITIAL

# UNITED STATES COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| James Witt ) | |
| ) | **No. 15-16721** |
| Appellant, ) | |
| vs. ) | D.C. No: 1:15-cv-00418-LJO-SAB |
| UNITED STATES OF AMERICA" aka "Evan ) | |
| Moses, Bobbie Montoya", ) | |
| Appellees. ) | |

## APPELLANT/DEFENDANT'S OPENING BRIEF

Appeal from the Judgement by the U. S. DISTRICT COURT
FOR EASTERN CALIFORNIA
Magistrate Stanley A. Boone, District Court Judge

**James Witt**
1343 N. 10th Ave
Hanford, California 93230
(559) 589-9377
**Sui Juris**

APPELLANT/DEFENDANT'S OPENING BRIEF          -1-

## Table of Contents

Table of Authorities..................................................................................page 2
Jurisdictional statement............................................................................page 3
Statement of issues presented for review..................................................page 3
Statement of the case................................................................................page 3
Summary of argument...............................................................................page 4
Argument...................................................................................................page 4
1. Boone breached procedure....................................................................page 4
2. Boone merely repeats Montoya's arguments.........................................page 5
3. No jurisdictional facts presented...........................................................page 6
4. Moses' statements do establish he is unqualified..................................page 6
5. No evidence of standing........................................................................page 7
6. Bad faith................................................................................................page 8
Conclusion.................................................................................................page 9
Certificate of compliance..........................................................................page 10

## Table of Authorities

28 U.S. Code § 1295.................................................................................page 3
26 U.S.C. § 7602.......................................................................................page 5
Ashcroft, et al. v. Iqbal et al., 556 U.S. 662..............................................page 6
Vil. of Arlington Hts. v. Metro Housing Dev., 429 U.S. 252, 262............page 7
U.S. ex rel. Shaw v. De Robertis, 755 F.2d 1279, 1281............................page 8

## Jurisdictional Statement

The US Court of Appeals for the Ninth Circuit has jurisdiction pursuant to 28 U.S. Code §1291 & 1295. Section 1291 states, in relevant part: "The courts of Appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . .". The notice of appeal was filed on August 28, 2015 within the statutory limit after the US District Court / District Court of the United States for the Eastern District of California denied a motion to reconsider, which was filed on July 20, 2015 and Amended on August 3, 2015. The district court's order was final and appealable.

## Statement of Issues Presented for Review

<u>Can a federal judge dismiss a case under 12(b)(6), even though the minimum pleading requirements have been met pursuant to FRCP Rule 8(a).</u>

Trial judge Boone breached procedure and denied a fair hearing and disposition. Boone failed to hold the US attorney to any *burden of proof* as he just repeated Montoya's arguments without any challenge.

Boone deliberately vacated an order to show cause hearing so I could not challenge the only witness against me. This is shown by the witness's own statements he was not qualified. These violate due process.

## Statement of the case

I, James Witt, am the Appellant/Defendant in this matter. Boone was heavily biased in favor of the US attorney and the IRS. From the start Boone's bias caused him to construe my motion to dismiss as a formal answer. Boone then accepted Montoya's jurisdiction argument

APPELLANT/DEFENDANT'S OPENING BRIEF -3-

without requiring any evidence, only argument without proof. Boone argued outside the evidence in favor of the IRS and vacated the order to show cause hearing to deliberately deny me confrontation. Anything that went against Montoya's statements and the IRS was denied and usually without explanation.

Boone stated there was jurisdictional evidence in the affidavit from agent Moses, but the declaration contains no such evidence as Moses admitted he was not qualified to discuss the "evidence" on which his claims were based.

## Summary of argument

Boone was unfair by not holding the IRS to any *burden of evidence*. Boone also accepted Montoya's *argument/claim as irrefutable*. Denial of confrontation and treating arguments as irrefutable are unfair and *deny due process*.

## Argument

1. <u>Boone breached procedure</u>. The motion to dismiss was a challenge to Montoya's complaint. The proper procedure is to first address the motion, then if denied, file a formal opposition to the complaint.

Boone construed the motion as the opposition to allow Montoya to get away with NOT providing a single fact to support her argument and they have jurisdiction over me without proof. This is the reason the order to show cause hearing was vacated, so I could not confront Montoya and Moses.

Boone is a former US attorney and it appears he thinks he still is in this case. I and any other defendant would never be permitted to get to the merits of my complaint before

jurisdiction was clearly established. Yet, Montoya is permitted to file a complaint with only conclusionary statements and not any facts to support her arguments. Boone deliberately misconstrues the motion to dismiss as an affirmative answer and/or opposition.

Such double standard is unfair and violates due process. And it is no defense to falsely label my issue of fact as a "frivolous argument" as every frivolous argument the IRS likes to cite from Notice 2010-33 and it is an issue of law.

2. <u>Boone merely repeats Montoya's arguments</u>. Boone, as if he was still a US attorney, merely repeated Montoya's argument, the foundation being the constitution and the code applies to me. Nowhere in the record are there relevant facts proving the constitution and code applies to me just because I'm physically in California.

Montoya, based on Moses who admittedly is not qualified to discuss the evidence, if any, and his claims are based on the argument that the constitution and code applies to me because I'm physically in California. Boone throughout his recommendations merely restates this argument e.g., "Pursuant to 26 U.S.C. § 7602, the IRS has authority . . ." assuming the constitution and code apply then Montoya's argument is irrefutably true.

There isn't a shred of evidence (facts) presented by Moses and Montoya to support the argument and opinion: *the constitution and code applies to me*. This is why Boone doesn't quote from the declaration because he knew **no such evidence exists**.

Boone makes the illogical claim that I am a resident. This is false as residency is a legal and/or political issue based on Montoya's argument the constitution and code applies to me because I am physically in California. Obviously I am challenging any argument I am a

APPELLANT/DEFENDANT'S OPENING BRIEF     -5-

resident without physical proof on the record. Boone just *assumes* Montoya's argument that if I'm physically in California, then the constitution and code apply and I must be a resident. I've clearly raised an issue of fact that Boone ignored because he treated the argument/claim as irrefutable.

Irrefutable presumptions/arguments violate due process because they are unfair and are proof of unsubstantiated evidence.

3. <u>No jurisdictional facts presented</u>. Boone is wrong when he claimed there are jurisdictional facts in the declaration. The only facts are that I'm physically in California, the rest are legal arguments or conclusionary statements made by Moses who is admittedly unqualified. Montoya's argument is *the constitution and code applies to me because I'm physically in California*. There are no facts supporting this argument. It's actually a non-sequitur.

It also violates due process as the complaint must present more than just conclusionary statements: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." <u>Ashcroft, et al. v. Iqbal et al.</u>, 556 U.S. 662, 129 S.Ct. 1937 (2008).

Boone followed SOP by vacating the hearing and therefore denying confrontation. The denial of confrontation demonstrates a bias so heavily in favor of the IRS only a madman would think it's fair.

4. <u>Moses's statements do establish he is unqualified</u>. Moses stated on 27 April 2015 he was unqualified and lied when he said he would call back with his attorney. Had there been

APPELLANT/DEFENDANT'S OPENING BRIEF -6-

evidence, then he would have provided it, or at least, had Montoya do so. Only bias explains why Boone ignores these facts and argues in favor of the witness's qualifications as he denies confrontation. Even without bias such actions are unfair and violate due process.

Boone is so heavily biased in favor of the IRS he denied confrontation and falsely claimed, "Mr. Moses's actions do not establish that he lacks personal knowledge of the facts attested to in his declaration." Failure to provide any facts and admitting you are not qualified to discuss facts clearly establishes Moses is not a competent witness. It's *prima facie* evidence of perjury. Perjury <u>can be proven with a five-minute cross-examination</u>. But Boone deliberately blocked confrontation because he knows that if the witness is unqualified, the testimony, including the affidavit, must be stricken and the summons could not be enforced.

This is just another logical fallacy as Moses did not just provide evidence in his declaration, he provided legal opinions, such as issuing the subpoena for a "legitimate purpose under the law." Again, Moses has no evidence, even if he didn't make legal determinations, his actions (not being about to provide any evidence; admitting he is unqualified; lying about calling back with his attorney) cloud his competency and credibility enough to require a cross-examination at the show cause hearing.

Boone denied confrontation and that violates due process.

5. <u>No evidence of standing</u>. Even if Boone is correct that 26 USC § 7604 gives the IRS standing without having to show legal injury and damage (case), he is assuming Montoya's argument: <u>*the constitution and code applies is true and treating it as irrefutable*</u>. And he is

APPELLANT/DEFENDANT'S OPENING BRIEF  -7-

assuming this knowing he denied me confrontation of the witness against me. Even the most corrupt traffic court judges (administrators) know they cannot keep the main witness (cop) off the stand. They have to, at least, put on a show.

26 USC § 7604 is *completely irrelevant until there are jurisdictional facts presented*, not argument and opinion from a witness who is admittedly unqualified, Vil. of Arlington Hts. v. Metro Housing Dev., 429 U.S. 252, 262.

6. <u>Bad faith</u>. Moses admittedly is not qualified to discuss the alleged evidence on which his arguments are based, this includes his argument the summons was issued for a legitimate purpose under the law.

Issuing a summons on a speculation is bad faith. Continuing to seek a coercive order knowing you have no evidence is bad faith and criminal.

Good faith required evidence. Moses and his attorney knowingly proceeded without it and Boone permitted it giving the appearance of collusion. Arguing without evidence is misconduct:

> "By going outside the evidence, the prosecutor "violated a fundamental rule, known to every lawyer, that **argument is limited to the facts in evidence**." United States ex rel. Shaw v. De Robertis, 755 F.2d 1279, 1281 (7th Cir.1985) (emphasis mine).

The witness himself admitted he was not qualified to discuss the evidence. Boone is so heavily biased in favor of the IRS and US attorney, he not only ignores such damaging statements, he denies confrontation ensuring such statements are not made under oath. Again, the reeks of collusion.

## Conclusion

I was denied any semblance of fairness. From the start my motion was falsely construed as an answer and Boone accepted Montoya's arguments as irrefutable truths. To cover up for an admittedly unqualified witness, Boone denied any confrontation. He didn't even allow a hearing in court so I could confront the US attorney and Moses. While a disgraceful denial of fairness and due process because of his background.

Fairness and due process require a reversal of the decision/order and the complaint dismissed.

Submitted this 7th day of December 2015.

*/s/ James Witt*
James Witt

## Certificate of service

This is to certify that a true and correct copy of the foregoing has been mailed this 7th day of December 2015, to the appellees at the following address:

| | |
|---|---|
| BOBBIE J. MONTOYA, | ROBERT J. BRANMAN, |
| 501 I Street, Suite 10-100 | U.S. Department of Justice, Tax Division |
| Sacramento, CA 95814 | P.O. Box 502 |
| (916) 554-2700 | Washington, D.C. 20044 |
| | (202) 307-6538 |

## Certificate of compliance

Pursuant to ARCAP 14, I certify that this Reply Brief uses proportionally spaced type of 13 points or more, is double-spaced using a roman font and contains 1,955 words in Microsoft Word and does not exceed 40 pages.

Date: December 7, 2015          _____
                                                James Witt

# DECLARATION
## in support of the OPENING Brief

1. That herein after Affiant shall mean the man James Witt.
2. That Affiant is 21 years of age or older.
3. That Affiant is a "free inhabitant" pursuant to Article 4 of the Articles of Confederation of November 15, 1777.
4. That on or after the date of August 3, 2015, judgement by the Eastern District Court of California became finalized
5. James Witt does this Opening Brief for the Ninth Circuit Court of Appeals by December 7, 2015.
6. This is stated according to the Organic Laws in Vol 1 of the United States Codes before Chapter 1.

-California state, a Republic.

-Fresno County

The foregoing _1__ page Declaration with blue ink signature with witnesses, was acknowledged before me this 7th day of December 2015, by the man James Witt. **Also the above declaration is** executed ***without*** the United States, I, James Witt, declare that the foregoing Declaration is true and correct, as to the best of my knowledge. Executed on 7th day of the December of 2015.

Signature _____ ,
James Witt

_____  _____
Witness                   Witness