# No. 15-16721

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Petitioner-Appellee,

v.

JAMES W. WITT,

Respondent-Appellant.

ON APPEAL FROM THE FINAL ORDER OF
THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA

## BRIEF FOR THE APPELLEE

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

BRIDGET M. ROWAN          (202) 514-1840
JENNIFER M. RUBIN          (202) 307-0524
  *Attorneys, Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
BENJAMIN B. WAGNER
  *United States Attorney*

13495752.1

# TABLE OF CONTENTS

**Page**

Table of contents ............................................................................. i

Table of authorities ...................................................................... iii

Glossary ...................................................................................... vi

Statement of jurisdiction ............................................................... 1

    A.  Jurisdiction in the District Court ..................................... 1

    B.  Jurisdiction in the Court of Appeals ................................ 2

Statement of the issue .................................................................... 3

Pertinent statutes .......................................................................... 3

Statement of the case ..................................................................... 3

    A.  Administrative investigation of taxpayer and issuance of
       the IRS collection summons ............................................ 3

    B.  Procedural background .................................................. 5

        1.  Initial proceedings:  petition to enforce and order to
           show cause ............................................................. 5

        2.  Magistrate Judge's Findings and Recommendations ............. 7

        3.  District Court's decision and orders ...................... 10

Summary of argument ..................................................................... 13

Argument:

The District Court's order enforcing the Government's petition
should be affirmed ......................................................................... 15

    Standard of review ........................................................... 15

    A.  Introduction and statutory background ........................ 15

    B.  The District Court properly granted the Government's
       petition to enforce the summons issued to taxpayer .................. 18

**Page**

C.  Taxpayer's claims of bias on the part of the magistrate judge fail as a matter of fact and of law ........................................20

Conclusion............................................................................................24
Statement of related cases ..................................................................25
Certificate of compliance ....................................................................26
Addendum.............................................................................................27
Certificate of service ...........................................................................30

# TABLE OF AUTHORITIES

**Cases:**                                                    **Page(s)**

*Black Star Farms LLC v. Oliver,*
  600 F.3d 1225 (9th Cir. 2010).............................................. 19

*Donaldson v. United States,*
  400 U.S. 517 (1971) .......................................................... 15

*Fortney v. United States,*
  59 F.3d 117 (9th Cir. 1995).......................................... 18, 23

*Liberty Fin. Servs. v. United States,*
  778 F.2d 1390 (9th Cir. 1985)........................................... 17

*Lidas, Inc. v. United States,*
  238 F.3d 1076 (9th Cir. 2001)........................................... 17

*Liteky v. United States,*
  510 U.S. 540 (1994) .......................................................... 21

*Stewart v. United States,*
  511 F.3d 1251 (9th Cir. 2008) .......................................... 16

*Tiffany Fine Arts, Inc. v. United States,*
  469 U.S. 310 (1985) .......................................................... 24

*United States v. Balanced Fin. Mgmt., Inc.,*
  769 F.2d 1440 (10th Cir. 1985)........................................ 23

*United States v. Bank of California,*
  652 F.2d 780 (9th Cir. 1980)........................................ 19-20

*United States v. Blackman,*
  72 F.3d 1418 (9th Cir. 1995)............................................ 15

*United States v. Church of Scientology of Calif.,*
  520 F.2d 818 (9th Cir. 1975)............................................ 23

*United States v. Clarke,*
  — U.S. —, 134 S. Ct. 2361 (2014) .............................. 17, 23

*United States v. Di Pasquale,*
  864 F.2d 271 (3d Cir. 1988) ............................................. 21

*United States v. Dynavac,*
  6 F.3d 1407 (9th Cir. 1993).............................................. 18

*United States v. LaSalle Nat'l Bank,*
  437 U.S. 298 (1978)...................................................... 17-18

*United States v. McAnlis,*
  721 F.2d 334 (11th Cir. 1983)........................................... 19

**Cases (cont.):**                                                    **Page(s)**

*United States v. Noall,*
    587 F.2d 123 (2d Cir. 1978) .............................................................. 17
*United States v. Powell,*
    379 U.S. 48 (1964) ............................................................... 5, 8, 10, 17
*United States v. Ruzzano,*
    247 F.3d 688 (7th Cir. 2001) .............................................................. 21
*United States v. Samuels, Kramer & Co.,*
    712 F.2d 1342 (9th Cir. 1983) ............................................................ 23
*United States v. Stuart,*
    489 U.S. 353 (1989) ......................................................................... 22
*Van Brocklin v. Tennessee,*
    117 U.S. 151 (1886) .......................................................................... 19
*Viewtech, Inc. v. United States,*
    653 F.3d 1102 (9th Cir. 2011) ............................................................ 16

**Statutes:**

Internal Revenue Code (26 U.S.C.):
    § 6201 ............................................................................................... 15
    § 6301 ............................................................................................... 15
    § 7402 ..................................................................................... 2, 9, 19
    § 7602 .................................................................. 3, 9, 15-17, 19-20
    § 7604 ............................................................................ 2, 9, 16, 19-20

28 U.S.C.:
    § 84 ................................................................................................... 19
    § 455 ................................................................................................. 21
    § 1291 ................................................................................................. 2
    § 1340 ................................................................................................. 2
    § 1345 ................................................................................................. 2
    § 2107 ................................................................................................. 2

**Constitutional Provisions:**

U.S. Const. art. VI, cl. 2 ........................................................................ 19

**Regulations & Regulatory Materials:**                    **Page(s)**

Treas. Reg. (26 C.F.R.):
  § 301.7602-1 ...........................................................................3

Internal Revenue Service Delegation Order No. 4 ..................................3

**Rules:**

Fed. R. App. P. 4 ....................................................................................2

Fed. R. Civ. P.:
  11 ........................................................................................................13
  60 ..........................................................................................................2

Local Rule 28-2.7 ...................................................................................3

# GLOSSARY

| Acronym | Definition |
| --- | --- |
| I.R.C.: | Internal Revenue Code (26 U.S.C.) |
| IRS: | Internal Revenue Service |
| Moses: | Revenue Officer Evan D. Moses |
| Taxpayer: | Appellant James W. Witt |
| Treas. Reg: | Treasury Regulation (26 C.F.R.) |

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

───────────

## No. 15-16721

───────────

## UNITED STATES OF AMERICA,

### Petitioner-Appellee

## v.

## JAMES W. WITT,

### Respondent-Appellant

───────────

## ON APPEAL FROM THE FINAL ORDER OF
## THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF CALIFORNIA

───────────

## BRIEF FOR THE APPELLEE

───────────

## STATEMENT OF JURISDICTION

### A.    Jurisdiction in the District Court

This proceeding arises from an Internal Revenue Service ("IRS")

administrative summons issued on July 30, 2014, to petitioner-

appellant James W. Witt ("taxpayer") as part of the IRS's efforts to

collect taxes assessed against him.  (ER52-53 ¶¶ 4-8; ER55-57.)[1]  After

───────────

[1] "ER" references are to the excerpts of record filed simultaneously
with this brief.  "Br." references are to taxpayer's opening brief.

taxpayer failed to comply with the summons, the Government filed a verified petition to enforce the summons. (ER51-58.)

The District Court had jurisdiction over the summons enforcement proceeding pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code (26 U.S.C., I.R.C.) and 28 U.S.C. §§ 1340 and 1345.

## B.    Jurisdiction in the Court of Appeals

On June 3, 2015, the magistrate judge (Magistrate Judge Stanley A. Boone) issued findings and recommendations recommending that the petition to enforce the IRS summons be granted. (ER12-16.) On July 6, 2015, the District Court (District Judge Lawrence J. O'Neill) issued an order adopting the findings and recommendations and enforcing the summons; on that date, the court also issued a separate judgment. (ER10-11; ER9.) On July 14, 2015, the District Court issued an amended order, pursuant to Fed. R. Civ. P. 60(a), correcting clerical mistakes in the original order. (ER5-8.) On July 31, 2015, and August 11, 2015, the District Court denied two motions to reconsider filed by taxpayer. (ER1-4.) On August 27, 2015, taxpayer filed a timely notice of appeal. (ER21.) 28 U.S.C. § 2107 and Fed. R. App. P. 4(a)(1)(B). This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether taxpayer has failed to show that the District Court committed clear error by enforcing the IRS summons issued to him in an effort to collect his unpaid income taxes.

## PERTINENT STATUTES

Pursuant to Local Rule 28-2.7, the Government states that the relevant portions of all pertinent statutes are set forth verbatim in the addendum bound with this brief.

## STATEMENT OF THE CASE

### A.   Administrative investigation of taxpayer and issuance of the IRS collection summons

Revenue Officer Evan D. Moses ("Moses") is conducting an investigation of taxpayer to secure information needed to collect federal income taxes assessed and still unpaid for tax years 1997 and 2003 to 2008.  (ER52 ¶ 4.)[2]  As a revenue officer, Moses is authorized to issue an IRS administrative summons pursuant to I.R.C. § 7602, Treas. Reg. § 301.7602-1 (26 C.F.R.), and Internal Revenue Service Delegation Order No. 4 (as revised).  (ER51 ¶ 2.)

---

[2] Most of the factual background regarding the administrative investigation comes from the petition, which Moses verified.  (ER58.)

Under the belief that taxpayer possessed materials, including books, records, papers, and other data, that could be useful in his investigation of taxpayer's collectible assets, Revenue Officer Moses issued an IRS administrative summons to taxpayer, directing him to appear on August 26, 2014, at a stated time and location, to testify and to produce certain materials and data described in the summons. (ER52-53 ¶¶ 5-6, 8; ER55-57.)  The testimony, materials, and data sought in the summons are necessary to collect the assessed taxes. (ER53 ¶ 12.)  All administrative steps required by the Internal Revenue Code of 1986 for the issuance of the summons have been taken.  (ER53 ¶ 13.)

Moses left an attested copy of the summons at taxpayer's last known residence, 1343 N. 10th Avenue, Hanford, California, 93230. (ER52 ¶ 7.)[3]  However, taxpayer did not appear on August 26, 2014, as required by the summons.  (ER53 ¶ 9.)  Despite further efforts by counsel for the IRS, taxpayer has not complied with the summons.  (*Id*.)

---

[3] This is the same address used by taxpayer in this litigation, including on appeal.  (*See, e.g.*, Br., cover page; ER44.)

## B.    Procedural background

### 1.    Initial proceedings:  petition to enforce and order to show cause

On March 16, 2015, the Government filed a petition to enforce the summons, verified by Moses.  (ER51-58.)  On March 20, 2015, the District Court issued an order to show cause re: tax summons enforcement, setting a show cause hearing date of June 10, 2015.  (ER48-50.)  In the order, the District Court found that the petition and verification provided "a *prima facie* showing that the investigation is conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner [of Internal Revenue]'s possession, and that the administrative steps required by the [Internal Revenue] Code have been followed," citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  (ER49 ¶ 6.)  The order further stated that "[t]he burden of coming forward therefore has shifted to whoever might oppose enforcement."  (*Id*.)  The order informed taxpayer that if he had "any defense or opposition to the petition, such defense or opposition shall be made in writing and filed with the Clerk" and served on the Government "at least 10 days before the show cause hearing date" of June 10, 2015.

(ER50 ¶ 7.)  The order informed taxpayer that, at the scheduled show cause hearing, "the Magistrate Judge intends to consider the issues properly raised in opposition to enforcement," that he would only consider "those issues brought into controversy by the responsive pleadings and supported by affidavit," and that "[a]ny uncontested allegation in the pleading will be considered admitted."  (ER50 ¶ 8.)

On May 15, 2015, taxpayer filed a "motion to dismiss."  (ER39-47.) In this document, taxpayer did not challenge the factual assertions made in the verified petition, including (1) the assertion that taxes had been assessed against him, (2) that the IRS had launched an investigation in an effort to collect the assessed taxes, (3) that the IRS believed that he possessed information, materials, and data that could be helpful in collecting the assessed taxes, (4) that the IRS believed that the summons issued by Moses to taxpayer was a necessary part of its investigation, or (5) that the IRS did not possess the materials and information sought in the summons.  (*Id*.)  Instead, taxpayer argued that the petition should be dismissed based on a purported "lack of standing and jurisdiction," asserting that the Government was required to provide unspecified "evidence" that the United States Constitution

and the Internal Revenue Code apply to taxpayer and that "the IRS had jurisdiction to investigate me." (ER39.) He further argued that there was no standing in this case because there was no "violation of a legal right." (ER42.)

Taxpayer attached an affidavit regarding a telephone call that he claimed to have had with Revenue Officer Moses, where he and a third party sought to require Moses to identify "evidence to support his argument the constitution and code applied that IRS had jurisdiction." (ER44-45.) The affidavit was the only "evidence" supplied by taxpayer. Taxpayer claimed that the telephone call, in which Moses refused to answer questions about the basis for jurisdiction, established that the Government was acting in bad faith and without adequate evidence to support its petition. (ER40-41.)

## 2. Magistrate Judge's Findings and Recommendations

On June 3, 2015, the magistrate judge issued findings and recommendations recommending that the petition to enforce the summons be granted ("findings and recommendations"). (ER12-16). First, the magistrate judge concluded that the matter could be decided on the record and the briefs without oral argument. (ER12.) He further

construed the motion to dismiss as taxpayer's opposition to the petition to enforce the summons. (ER12 n.1.) As the magistrate judge explained, the order to show cause required that any opposition to the petition be filed, in writing, on or before June 1, 2015, and the motion to dismiss was the only document that taxpayer had filed which could be construed as an opposition. (*Id.*)

The magistrate judge identified the relevant standards for enforcement of an IRS administrative summons, including the *Powell* requirements already identified in the order to show cause. (ER13-14.) The judge then addressed taxpayer's argument that the Government had incorrectly assumed that the Constitution and Code apply to taxpayer and that the IRS had jurisdiction to investigate him. (*Id.* at 14-15.) As the magistrate judge explained, taxpayer "is a resident of this country, specifically Hanford, California, and [taxpayer] does not dispute his residency. [Taxpayer] cites no legal authority which supports the argument that the United States Constitution and the United States Code would not apply to someone living in the United States." (*Id.*) The judge stated that taxpayer's "naked denial" of jurisdiction was incorrect, finding that Revenue Officer Moses's

declaration verifying the petition was "sufficient to establish the relevant jurisdictional facts" and that jurisdiction was provided by I.R.C. §§ 7402(b) and 7602(a).  (*Id*.)

The magistrate judge similarly found that Revenue Officer Moses was not acting in "bad faith" when he refused to answer questions regarding the basis for jurisdiction and referred taxpayer to the Government attorney handling the case; the magistrate judge rejected taxpayer's contentions that the Revenue Officer's actions (including, presumably, the telephone call with taxpayer) established that Moses lacked personal knowledge of the relevant facts or that the Government lacked evidence to support its petition.  (ER15.)  He also concluded that there was standing in this case because I.R.C. § 7604 authorizes the United States to bring a summons enforcement action and because "[t]he United States possesses a legal right to subpoena individuals in investigations relating to tax matters."  (*Id*.)  The magistrate judge found that all of taxpayer's other arguments were "clearly frivolous and do not warrant further analysis by the Court."  (*Id*.)  The judge concluded by finding that the Government had met its burden in

establishing the *Powell* factors (*id*.), and, thus, recommended that the petition to enforce the administrative summons be granted (ER16.)

On June 24, 2015, taxpayer filed objections to the findings and recommendations. (ER34-38.) First, taxpayer claimed that the magistrate judge erred by treating the motion to dismiss as an opposition to the petition and by not holding a hearing. (ER34.) Taxpayer then complained that the magistrate judge "is a US attorney" who gave the Government's attorney the benefit of a "disgraceful double-standard" through that procedure. (ER35.) Second, taxpayer asserted that the judge erred by basing his recommendations on the same legal arguments that were made by the Government attorney. (*Id*.) He stated that he was, in fact, disputing his residency as "a legal/political issue," and reasserted his arguments regarding jurisdiction, standing, and the telephone call with Revenue Officer Moses. (ER35-37.)

### 3. District Court's decision and orders

On July 6, 2015, the District Court (Judge Lawrence J. O'Neill) issued judgment in favor of the Government (ER9), with an order adopting the findings and recommendations (ER10-11.) Regarding the

merits of the petition, the District Court agreed with the magistrate judge that the Government had provided adequate evidence, through the Moses declaration, to support its petition and that taxpayer had failed "to demonstrate an abuse of process of lack of institutional good faith." (ER11.) The court further concluded that taxpayer's renewed arguments were frivolous and were adequately addressed in the findings and recommendations.

The District Court also rejected taxpayer's two new arguments. First, the District Court rejected taxpayer's claim that the magistrate judge erred in construing his motion to dismiss as an opposition to the petition to enforce. (ER10-11.) As the court explained, if the magistrate judge had not done so, then taxpayer would have failed to respond to the order to show cause and the petition would have been deemed unopposed. (*Id.*) Second, the District Court rejected taxpayer's claim that the magistrate judge was biased because he allegedly "'is a US attorney.'" (ER11.) The court found that this claim was factually incorrect because the magistrate judge is not a United States Attorney, although he was formerly employed by the United States Attorney's office. (*Id.*) The court further concluded that, as a former Assistant

United States Attorney, the magistrate judge was not required to recuse himself from being a judge in the case unless he had worked on the case while working in the United States Attorney's office.  (*Id*.)  As the District Court explained, there was "no indication that Judge Boone participated in the prosecution of this action while he was at the United States Attorney's Office."  (*Id*.)  On July 14, 2015, the District Court issued an amended order (ER5-8), which corrected a typographical error to make clear that taxpayer was the party required to comply with the summons (*compare* ER7 *with* ER11) and reopened the case (ER8), "pending the filing of a Notice of Compliance and Request for Closure or any other appropriate motion" (ER5 n.1).

Taxpayer filed two motions for reconsideration, each asserting that the District Court had not conducted a *de novo* review of the case, which taxpayer asserted would have required the court to permit cross-examination of Revenue Officer Moses, and otherwise repeating the arguments from his purported motion to dismiss and his objections to the findings and recommendations.  (ER23-33.)  In orders issued on July 31, 2015, and August 11, 2015, the District Court denied each of the motions for reconsideration as merely restating arguments

previously rejected in the earlier orders. (ER1-4.) The District Court also warned taxpayer that continued filing of frivolous motions could lead to Fed. R. Civ. P. 11 sanctions. (ER1-2.)

On August 27, 2015, taxpayer filed a notice of appeal. (ER21-22.) On that same date, taxpayer also filed a motion to stay proceedings pending appeal. (ER19-20.) The District Court denied that motion on September 1, 2015. Taxpayer did not appeal the denial of the motion to stay.

## SUMMARY OF ARGUMENT

1.    Congress has granted the IRS broad powers to issue and enforce summonses in order to assess and collect unpaid taxes. Here, taxpayer has refused to comply with a summons issued to him, and asserts that the District Court erred in enforcing that summons. But taxpayer does not deny that the IRS has assessed taxes against him for several tax years nor that the IRS has launched an investigation to attempt to collect those unpaid taxes and that the summons was issued as part of that investigation. Indeed, taxpayer has provided no evidence challenging any part of the *prima facie* case established by the Government in its verified petition to enforce. Instead, taxpayer

advanced only frivolous arguments, asserting without basis that he somehow resides in the State of California but exists outside of the jurisdiction of the United States Constitution and the Internal Revenue Code. The District Court properly rejected taxpayer's frivolous arguments, and enforced the summons.

2.     Taxpayer's claim that the magistrate judge was biased likewise fails. Contrary to taxpayer's insinuations, the magistrate judge's status as a former Assistant United States Attorney did not require recusal or establish bias. Recusal was unnecessary because the judge did not participate in taxpayer's case while employed by the Government. Taxpayer's claims of biased procedures are similarly incorrect. First, by treating taxpayer's putative motion to dismiss as an opposition to the petition to enforce, the judge actually benefited taxpayer by ensuring that the petition was not treated as unopposed. Second, the judge properly refused to hold an evidentiary hearing, given that taxpayer failed to provide any evidence tending to show that the IRS acted in bad faith.

## ARGUMENT

**The District Court's order enforcing the Government's petition should be affirmed**

### Standard of review

This Court reviews for clear error the District Court's order granting enforcement of the IRS summons. *See United States v. Blackman*, 72 F.3d 1418, 1422 (9th Cir. 1995).

### A.   Introduction and statutory background

Congress has conferred upon the Secretary of the Treasury broad authority to conduct investigations to determine and collect tax liability. I.R.C. § 7602. The Commissioner of Internal Revenue, as the Secretary's delegate, has the duty to make inquiries, determinations, and assessments of all taxes imposed by the Internal Revenue Code, and to collect such taxes. *See Donaldson v. United States*, 400 U.S. 517, 523-24 (1971); I.R.C. §§ 6201(a), 6301.

Congress provided the Commissioner with the summons power to enable him to discharge these responsibilities. Section 7602 of the Internal Revenue Code authorizes the Commissioner, "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any

internal revenue tax, . . . or collecting any such liability . . . [t]o examine any books, papers, records or other data which may be relevant or material to such inquiry" and to summon any person to appeal and produce such documents and to give testimony. "The Supreme Court has made clear that this summons power must be construed broadly." *Stewart v. United States*, 511 F.3d 1251, 1254 (9th Cir. 2008). Thus, "[i]n connection with an investigation of an assessed taxpayer, the IRS may summons any person the IRS deems appropriate and may require that person to appear 'at a time and place named in the summons and to produce such books, papers, records or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.'" *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104 (9th Cir. 2011) (quoting I.R.C. § 7602(a)(2)).

Where a summoned party fails to comply with a summons, the Government can petition a district court for enforcement of the summons. I.R.C. § 7604. Summons enforcement suits are summary proceedings in which the Government need only make a "minimal" showing that the summons was issued in good faith, *i.e.*, that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the

information sought may be relevant to that purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *Powell*, 379 U.S. at 57-58.[4] "Courts have consistently recognized that declarations or affidavits by IRS directors or agents generally satisfy the *Powell* requirements." *Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001); *see also United States v. Clarke*, — U.S. —, 134 S. Ct. 2361, 2365 (2014); *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985). The threshold for relevance is "particularly low when, as here, papers at issue are the taxpayer's own and there is no question of the invasion of the privacy of third persons against their will." *United States v. Noall*, 587 F.2d 123, 126 (2d Cir. 1978).

Once the Government has made its *prima facie* showing, the party opposing enforcement bears the "heavy" burden of showing an abuse of process or lack of good faith. *United States v. LaSalle Nat'l Bank*, 437

---

[4] Code Section 7602(d)(1) further provides that an administrative summons may not be issued where the IRS has referred a case for potential criminal prosecution. There is no allegation that any such referral has been made in this case.

U.S. 298, 316 (1978); *United States v. Dynavac*, 6 F.3d 1407, 1414 (9th

Cir. 1993); *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).

### B.    The District Court properly granted the Government's petition to enforce the summons issued to taxpayer

In this case, the District Court correctly held that the Government

made its *prima facie* showing through the Moses declaration filed as

verification to the petition to enforce.  (ER11.)  The declaration and

petition established that the investigation is being conducted for a

legitimate purpose:  collection of assessed taxes.  (ER52 ¶¶ 4-5.)

Moreover, the declaration and petition established that the Revenue

Officer reasonably believed that taxpayer possesses information and

materials which may be necessary to complete the investigation, and

that the IRS had taken all required administrative steps to issue the

summons.  (ER52-53 ¶¶ 4, 6, 12.)

Taxpayer, in turn, provided no evidence undermining this *prima*

*facie* case or establishing bad faith.  Instead, taxpayer relied on

frivolous arguments that were properly rejected by the District Court.

Taxpayer's primary argument below and on appeal (Br. 5-6) is that

Revenue Officer Moses provided no evidence establishing that taxpayer

was subject to the Constitution or Internal Revenue Code and that

there was, therefore, a lack of jurisdiction over him.[5]  Taxpayer does,

however, not deny that he resides in the State of California, which is

part of the United States, and that his residence is located within the

judicial district for the Eastern District of California.  28 U.S.C. § 84(b).

He does not deny that under I.R.C. §§ 7402 and 7604, the District Court

had jurisdiction to hear a petition to enforce the summons against a

person who resides within the court's geographical district.  Further, he

does not deny that the IRS has assessed taxes against him which the

IRS, through Moses's investigation, is seeking to collect, pursuant to the

authority found in I.R.C. § 7602(a).   Taxpayer's frivolous arguments do

not constitute "evidence rebutting the IRS's claims."  *United States v.*

*McAnlis*, 721 F.2d 334, 336 (11th Cir. 1983); *see also United States v.*

---

[5] Taxpayer advanced no argument below to support his claim that he was not subject to the Constitution or the Internal Revenue Code. On appeal, he asserts in a new declaration that he "is a 'free inhabitant' pursuant to Article 4 of the Articles of Confederation of November 15, 1777." (Br., Decl.)  This assertion was not only waived by not being argued below, *Black Star Farms LLC v. Oliver*, 600 F.3d 1225, 1235 (9th Cir. 2010), but it is also frivolous.  As the Supreme Court has long recognized, "[t]he articles of confederation ceased to exist upon the adoption of the federal constitution."  *Van Brocklin v. Tennessee*, 117 U.S. 151, 159 (1886); *see also* U.S. Const. art. VI, cl. 2 (establishing the Constitution as the supreme law of the land).

*Bank of California*, 652 F.2d 780, 782 (9th Cir. 1980) (rejecting "creative" jurisdictional argument as frivolous in context of summons enforcement proceeding). Moreover, nothing supports taxpayer's claim (Br. 6) that Revenue Officer Moses was required to discuss with him the legal question of jurisdiction in order to be qualified to provide a declaration establishing the *Powell* requirements.

Similarly unavailing is taxpayer's argument (Br. 7) that there is no standing, based on his claim that there was no "violation of a legal right" (ER42). Taxpayer has no answer to the District Court's correct analysis: that under I.R.C. §§ 7602 and 7604, the IRS has the legal right to issue a summons and to seek to have its summons enforced where, as here, the summonee fails to comply. (ER15.) Taxpayer's standing argument, like the rest of his brief, appears to rely entirely on his unsupported and incorrect belief that he is not subject to the Constitution or the Internal Revenue Code.

## C. Taxpayer's claims of bias on the part of the magistrate judge fail as a matter of fact and of law

In addition to his frivolous arguments regarding jurisdiction and standing, taxpayer argues that the magistrate judge exhibited bias because he is a former Assistant United States Attorney, because he

treated taxpayer's putative motion to dismiss as an opposition to the petition to enforce, and because he ruled on the petition without holding an evidentiary hearing. (Br. 4-5.) The District Court properly rejected these arguments. (ER10-11.)

First, as the District Court correctly held (ER11), as a former Assistant United States Attorney, the magistrate judge was only required to recuse himself from hearing taxpayer's case if he participated in that case while still working at the United States Attorney's office. 28 U.S.C. § 455(b)(3); *United States v. Ruzzano*, 247 F.3d 688, 695-96 (7th Cir. 2001); *United States v. Di Pasquale*, 864 F.2d 271, 278-79 (3d Cir. 1988).[6] There was no showing that the magistrate judge participated in any way in taxpayer's case while he was employed

---

[6] 28 U.S.C. § 455(a) also includes a more general provision, stating that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As the District Court correctly held (ER11), Section 455(a) has been read to be coextensive with any provision of Section 455(b) which directly applies to a given situation. *Liteky v. United States*, 510 U.S. 540, 552-53 (1994). Because Section 455(b)(3) did not require the magistrate judge to recuse himself in this case, Section 455(a) likewise does not require him to recuse himself.

at the United States Attorney's office.  Taxpayer's appellate brief (Br. 4-5) does not address or undermine this analysis.

Taxpayer's claims that the procedures used in this case exhibit bias likewise fail.  As the District Court explained (ER10-11), if the magistrate judge had not treated the motion to dismiss as an opposition to the petition, the petition would have been treated as unopposed under the terms of the order to show cause.[7]  Thus, the magistrate judge's action was *beneficial* to taxpayer.  Moreover, in his findings and recommendations, the magistrate judge acknowledged and evaluated taxpayer's various arguments in the putative motion to dismiss.

The magistrate judge further did not err by not holding an evidentiary hearing.  "Summons enforcement proceedings should be summary in nature and discovery should be limited."  *United States v. Stuart*, 489 U.S. 353, 369 (1989) (citation omitted) (alteration in original omitted).  "To make a showing of bad faith sufficient to trigger a limited evidentiary hearing, a taxpayer must 'do more than *allege* an improper

---

[7] Taxpayer cites nothing showing that the court was obligated to consider his motion and, if it was denied, give him extra time to file an opposition.  The show cause order set forth a date certain by which an opposition was required to be filed.

purpose', 'some *evidence*' must be introduced to support the allegations made." *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1347 (9th Cir. 1983) (quoting *United States v. Church of Scientology of Calif.*, 520 F.2d 818, 824 (9th Cir. 1975)). *See also Clarke*, 134 S. Ct. at 2367 ("As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent *when he can point to specific facts or circumstances plausibly raising an inference of bad faith*. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge.") (emphasis added). "The showing must be more than '[l]egal conclusions[,] mere memoranda of law . . . or allegations." *Fortney*, 59 F.3d at 121 (quoting *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985)).

Taxpayer provided no evidence establishing that the IRS was acting in bad faith in issuing the summons, but instead, made only frivolous arguments, which, as explained, *supra*, 18-20, were properly rejected as frivolous. Nothing in taxpayer's briefs below or on appeal undermines the Government's *Powell* showing, which establishes that the summons here was issued to assist in the legitimate activity of

attempting to collect on previously assessed taxes. The District Court acted "well within" its discretion in refusing to hold an evidentiary hearing. *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 324 n.7 (1985).

## CONCLUSION

The final order of the District Court should be affirmed.

Respectfully submitted,

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

/s/ Jennifer M. Rubin
BRIDGET M. ROWAN                    (202) 514-1840
JENNIFER M. RUBIN                   (202) 307-0524
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
BENJAMIN B. WAGNER
  *United States Attorney*

FEBRUARY 2016

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28‑2.6, counsel for the appellee respectfully inform the Court that they are not aware of any cases related to the instant appeal that are pending in this Court.

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements, and Type Style
Requirements of Federal Rule of Appellate Procedure 32(a)

Case No.   15-16721

    1.  This brief complies with the type-volume limitation of Fed. R.
App. P. 32(a)(7)(B) because:

      [X]  this brief contains 4,506 words, excluding the parts of the
          brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [ ]  this brief uses a monospaced typeface and contains [*state the
          number of*] lines of text, excluding the parts of the brief
          exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

    2.  This brief complies with the typeface requirements of Fed. R.
App. P. 32(a)(5) and the type style requirements of Fed. R. App. P.
32(a)(6) because:

      [X]  this brief has been prepared in a proportionally spaced
          typeface using Microsoft Word 2010 in 14-point Century
          Schoolbook, *or*

      [ ]  this brief has been prepared in a monospaced typeface using
          [*state name and version of word processing program*] with
          [*state number of characters per inch and name of type style*].

(s)   /s/ Jennifer M. Rubin

Attorney for  appellee

Dated:  February 5, 2016

# ADDENDUM

**Statute**                                                     **Page**

26 U.S.C. § 7402(b) ............................................................................ 28

26 U.S.C § 7602(a) ............................................................................. 28

26 U.S.C § 7604(a)-(b) ....................................................................... 29

## 26 U.S.C. § 7402.  Jurisdiction of district courts

\* \* \*

### (b) To enforce summons

If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

\* \* \*

## 26 U.S.C. § 7602.  Examination of books and witnesses

**(a) Authority to summon, etc.**  For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

**(1)** To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

**(2)** To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

**(3)** To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

\* \* \*

## 26 U.S.C. § 7604.  Enforcement of summons

### (a) Jurisdiction of district court

If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

### (b) Enforcement

Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, rec-ords, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States magistrate judge for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or magistrate judge to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States magistrate judge shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

* * *

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 5, 2016. I further certify that I have served the foregoing brief by mailing one (1) copy via First Class Mail addressed as follows on February 5, 2016:

James W. Witt
1343 N. 10th Avenue
Hanford, California 93230

     /s/ Jennifer M. Rubin
JENNIFER M. RUBIN
*Attorney*