UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-16721 |
| | ) | |
| JAMES W. WITT, | ) | |
|     Respondent-Appellant | ) | |

**OPPOSITION TO APPELLANT'S MOTION TO STRIKE
GOVERNMENT'S RESPONSIVE BRIEF**

Pursuant to Fed. R. App. P. 27(a)(3), the United States of America, appellee herein, files this opposition to Appellant James W. Witt's motion to strike the Government's responsive brief. As we explain below, this motion is, in reality, an untimely reply brief arguing that the Government's legal analysis is incorrect. Only timely filed briefs addressing the legal issues should be considered in resolving this appeal.

## BACKGROUND

1. On February 11, 2016, the Government served its responsive brief on appellant by first-class mail.

2. As explained below, appellant's reply brief, if any, was due to be filed and served no later than February 28, 2016.

-1-

13834593.1

3. However, appellant did not file or serve a reply brief on or before February 28, 2016. Instead, the first document that he filed and served after the Government served its appellee's brief was the motion to strike, dated April 15, 2016.

## DISCUSSION

1. Pursuant to Fed. R. App. P. 28(c), the final appellate brief that may be filed in any case, without permission of the Court, is a reply brief. Pursuant to Fed. R. App. P. 26(a)(1)(C), 26(c), and 31(a)(1), appellant's reply brief, if any, was due to be filed and served no later than February 28, 2016. But appellant did not file a reply brief on or before February 28, 2016. Instead, he filed a motion to strike the Government's brief, dated April 15, 2016, 47 days after the deadline for filing a reply brief. Appellant did not accompany this document with any motion seeking leave to file a reply brief out of time.

2. An examination of appellant's motion to strike reveals that, setting aside its invective and personal attacks on the court, Revenue Officer Moses, and counsel for the Government, it is, in substance, a reply brief, seeking to challenge the legal analysis in the Government's responsive brief. Specifically:

a. Appellant complains that the Government's brief referred to him as a "taxpayer," which he asserts is a "matter of fact," and not of law. (Mot. 1-2)[1] The term "taxpayer" under I.R.C. § 7701(a)(14) means "any person subject to any internal revenue tax." Appellant has never denied that he resides in the State of California, and that the Internal Revenue Service has assessed taxes against him. In any event, the reference to Appellant as a "taxpayer" is merely a descriptive one that plays no role in the ultimate determination of this appeal. See FRAP 28(d) (specifically authorizing descriptive terms – such as "the taxpayer" – when making references to the parties of the appeal).

b. Appellant asserts that the Government's brief is "frivolous" (Mot. 2-3), but his entire frivolousness argument is a disagreement with the Government's analysis (Opp. Br. 18-20 & n.5, 23-24), again showing that appellant's "motion" is, in reality, an untimely reply brief.

---

[1] "ER" references the excerpts of records filed by the Government. "Opp. Br." references the Government's appellee's brief. "Mot." references the motion to strike the Government's brief filed by appellant on April 15, 2016.

-3-

  c. Appellant argues that the Government's brief failed to establish a "legal right." (Mot. 3.) Appellant's disagreement with the Government's analysis on this point (Opp. Br. 20) is not a basis for striking our brief—but, instead, establishes that appellant is seeking to disguise an untimely reply brief as a motion.

  d. Appellant asserts that the Government somehow lied by "claiming [he] made a 'naked denial' of jurisdiction." (Mot. 3.)[2] Appellant then makes various arguments regarding evidence in the case. (Mot. 3-4.) This disagreement with our analysis (Opp. Br. 18-20 & n.5, 23-24) is reply-brief material, not a basis for striking our brief.

  e. Appellant then complains that the Government's brief stated that he "didn't deny the district court lacked jurisdiction" (Mot. 4), which he says is incorrect, followed by a lengthy diatribe asserting that the Government lacked evidence to support its arguments (Mot. 4-6). Again, appellant's statements constitute an impermissible, untimely reply to the Government's factual recitation (Opp. Br. 3-4 & nn.2-3) and legal analysis (Opp. Br. 18-20).

---

[2] The cited line regarding a "'naked denial' of jurisdiction" was a quotation from the magistrate judge's opinion, quoted solely in the statement of facts. (Opp. Br. 8 (quoting ER15).)

-5-

      f.      Finally, appellant argues that he had established bad faith in this case (Mot. 6), which is merely an untimely reply to the Government's analysis regarding bad faith (Opp. Br. 22-24).

      3.      Appellant concludes his motion by asserting that the Government provided inadequate "evidence" for its legal analyses. Appellant demands that this Court strike the Government's brief and require the Government to file a new brief that meets appellant's standards for adequacy. We stand by our brief and the analysis within it. But, in all events, the Federal Rules of Appellate Procedure do not provide that an appellee's brief may be stricken simply because the appellant thinks it is inadequate.

WHEREFORE, the Government respectfully submits that this Court should deny the motion to strike. We have no objection, however to this Court treating Appellant's motion as his reply brief and filing it as such, if the Court determines that his tardiness in submitting it is excusable.

Respectfully submitted,

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

/s/ Jennifer M. Rubin
BRIDGET M. ROWAN    (202) 514-1840
JENNIFER M. RUBIN    (202) 307-0524
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
BENJAMIN B. WAGNER
  *United States Attorney*

Dated: This 27th day of April, 2016

13834593.1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 27, 2016. I further certify that I have served the foregoing response by mailing one (1) copy via First Class Mail addressed as follows on April 27, 2016:

    James W. Witt
    1343 N. 10th Avenue
    Hanford, California   93230

                                           <u>/s/ Jennifer M. Rubin</u>

                                           Jennifer M. Rubin
                                           *Attorney*